Ms. Zaliga? All right, I want to just test the microphone. This is Jamaica Zaliga from Cypress Shaw on behalf of Citi Trends and Ms. Martin. I'm reserving five minutes for rebuttal. This case examines the criteria for awarding attorney's fees in trademark cases. What we have here is a situation where Citi Trends, my client, filed a declaratory judgment action against the coach defendants were incorporated. It's not where Citi Trends was incorporated. Moreover, because this is a trademark case, this involves federal issues. You're going to have to talk louder if you want me to hear. Maybe this is the strategy. I'm sorry. In this case, what we have is a situation where there is no prevailing party. There is not an exceptional case, and Coach contributed heavily to the attorney's fees that were awarded. So we have a case where the district court dismissed a case in its discretion without prejudice, without determining that there was a lack of personal... I just want to ask you a question. How do we know it was without prejudice? Did the district court say? We have that admission from Coach's counsel. But why is everyone assuming it? Yes, that's why everyone is assuming that it's without prejudice, because I believe that we could have filed right away again in Maryland. How could you possibly have done that? How could you have cured the defect, which was that you had engaged in improper form of shopping? Well, I don't think that we had engaged in... Well, I know you don't think so, but the district court thought so, and you didn't appeal that. So how could you have possibly come back in and... Well, the district court made a couple of different factual determinations, but they also made some legal determinations during their... I'm just literally trying to see how do we know it was without prejudice. And you're saying, well, we know that because we could have come back into court, and I'm trying to figure out how that works. It's not like there was a defect that could be cured. Sometimes it's without prejudice because you can cure the defect and come back the next day. You can amend your complaint or you can find a party with jurisdiction. So I don't see the curable defect that would have allowed you to come back into court the next day and refile. The curable defect is if Coach had pursued the sold goods claim. That's the curable defect. But here, what we have is a dismissal that was on the discretion of the court, and there was four factors of the dismissal. And one of those factors was the court determined that Coach had admitted and stated repeatedly that they had no claim, they could not have a claim, and they had never asserted a claim on the sold goods. And the court had found that the sold goods were the basis of our client's litigation in Maryland. Okay. So I do think that we could have refiled. It was not improper forum shopping. You would have just refiled saying we think you got this wrong. That's why you would have been able to refile. Why didn't you appeal? Well, the reason we didn't appeal is because we had from the court a statement that Coach was not going to pursue the sold goods. When we started this litigation, the sold goods were very much in play. That's what we requested. That's what we provided for our counteroffer. That is what we wanted to discuss and were shut down by Mr. Watkins. So the sold goods were at issue when we filed the Maryland court. By the time the Maryland court decided to dismiss the case, Coach had repeatedly, over and over, put forth sworn affidavits from not just the counsel involved. I thought it was your position that there was still a threat to sue, and that's why there was subject. No? So there was a threat to sue. That's why we filed the declaratory judgment. But you think as of now, or as of the time that the district court rules, there was no threat of lawsuit. So once, by the time he ruled, it turns out he didn't even have subject matter jurisdiction. No. By the time he ruled, we had confirmation from a court. Before then, what we had was Coach's statements and briefs, and we had Coach's declarations, and we had Coach's vice general counsel's declarations that there was not a controversial lawsuit. What we did not have was the court's statement and the court's reliance on the fact that there were, that counsel for Coach, both in briefs and in declarations, said that there's no controversy over the sold goods. We did not have that until the motion was dismissed. So let's accept all that. Where does this go? Excuse me? Where does this argument go? How does this matter now? Because you're talking here about the attorney's fees, so maybe loop this back into that, okay? Sure. So there are two main bases for why you do not get attorney's fees in this case. First of all, we filed a declaratory judgment action when we were under threat. It was a threat of suit of goods that we had no idea if we were going to get sued on, and moreover, it looked like we weren't going to get sued on. So how can Coach be the prevailing party if the suit was without prejudice, and that is what Coach has admitted twice in his brief, if the suit was in the court's discretion? What do you mean the suit was without prejudice? The dismissal. On that issue, on the prevailing party issue, taken as true that it was without prejudice, and taken as true it was a refusal to exercise discretion, I recognize that's maybe less prevailing than if it was with prejudice and on substantive grounds. But under the Supreme Court case, it looks like the language is whenever a plaintiff's challenge is rebuffed, irrespective of the reason. And you wanted to litigate in Maryland, and admittedly without prejudice for the sake of discussion, and admittedly in its discretion, the court said no. So how are you not rebuffed when you tried to litigate in Maryland, and you were not allowed to based on the court's action? How is that not a win for Coach? So what the court in CRST was facing, it was a decision that was on a procedural matter. And I understand, so I'm going to answer your question. So here, the situation was different, and it is not the case that a rebuffment is the only requirement for a prevailing party. There has to be a materially legal alteration. No, there doesn't. This is 100% the court's holding that there does for a plaintiff to be a prevailing party. But what the court says is that's not the standard that applies to a defendant. Because the defendant doesn't want the material relationship to be changed. But something has to change, and nothing changed. Something did change. You had a case, and then the next day you didn't? We had a case. The next day we did not have a case. But we also, in some instances, had prevailed on the idea of the sold goods. What? This is because of the admission. Alright, I thought you started up and you said there were four reasons why you won or something. I think we've got the first one. I think maybe you better move on. Of course. So the next basis is, is this an exceptional case? And this is really where I think that the court can be of assistance here. So this decision was not made on any hearing. It was made on the record that is right before you all. And that record shows that Coach had given us a complaint, and had given us a complaint that was only on the seized goods. That's what Coach did. And then they refused to talk to our new counsel. Can I just ask you a question, just so we can maybe hone this in a little bit? So the district court finds in the first order, not just that there was forum shopping, but that there was improper forum shopping, and it was guileful. And I think what he's getting at is, you think incorrectly, but the district court found that there was improper forum shopping, and it was guileful, and there was a secret race to the courthouse. And I think what he's getting at is some notion, which I totally understand you dispute as a factual matter, that Citi sort of sandbagged Coach a little bit and made them think they had more time  I totally understand you think that that is not fair, but he did find improper forum shopping. And you didn't appeal that. So are you saying there's some space here that you can engage in improper forum shopping, which is sufficient to justify not exercising jurisdiction under the Territory Judgment Act, but still doesn't count as unreasonable litigation tactics for purposes of awarding fees? My position is that forum shopping is an underlying finding for the attorneys' fees that can be reviewed. Moreover, there are district courts. Because the district court found that there was improper forum shopping, and you didn't appeal that. So now we have, as a fact, there was improper forum shopping. You are saying that litigation conduct can count as improper forum shopping, sufficiently improper that it justifies not exercising jurisdiction under the Declaratory Judgment Act. You didn't appeal any of that. But even though it's improper, there's some space between improper and unreasonable conduct of litigation that would justify awarding fees. That's what we're arguing about. It's improper but not unreasonable. Okay. So what does it take for improper forum shopping to become unreasonable litigation conduct? What is missing here? It's improper, but what's missing? What's missing is any indication of bad faith. What does improper mean to you, if not bad faith? As you answer that question, I mean, you used bad faith, and that was the standard before Octane and Georgia Pacific. There's a different standard for exceptional circumstances after those. So I think you're using the pre-2014 standard. But if you could answer the space question and apply the right standard, that would be helpful. So under Georgia Pacific, an exceptional case is an unusual discrepancy in the merits, litigation in an unreasonable manner, and the need for compensation and deterrence. I do not believe that all examples of forum shopping, which we do not believe that occurred. What about all examples of improper forum shopping? Because that's the finding. I still do not understand how it can be improper forum shopping when the court believes that there's two different sets of goods. Right, but you didn't appeal the finding that there was improper forum shopping. You appeal a judgment. I'm sorry, you didn't appeal the judgment that was based on the finding of improper forum shopping. And we didn't appeal the judgment because what we received from the district court was confirmation in the opinion that there was no case or controversy over the sold goods, which is why we filed the Maryland case in the beginning. And maybe that's the point. Your question is, did you have to, or your issue is, did you have to appeal that initial order dismissing because of his failure to exercise jurisdiction? If one of the grounds is improper forum shopping, which he did say, are you required to appeal that in that type of an order? If you were required to appeal it, I'm not sure you have a lot you can argue about. It seems to me your argument is a particular reason like that may not have to be appealed. But maybe you can address that. Well, there is no case that says improper forum shopping has to result and automatically makes it something, an exceptional case. I do believe that all of the cases, there's a little bit of wiggle room. I might have a position that forum shopping isn't bad as a general matter. I think it's arguable that a lawyer may have a duty to try to get the case in the venue that's most advantageous to a client. That's an argument. But what we have here is an order from the district court that said it was improper forum shopping. And given that fact, do you have to appeal that in order to preserve your argument that it was not improper forum shopping? I do not believe that we have to appeal that. What would we have appealed? We would have appealed the court's discretion to dismiss this case. But in making that decision, the court relied on multiple factors, including deciding and telling everybody that coach and the declarants had both, all of them said that there was no case in controversy over the sold goods, which is why we brought a case in the first place. So why would we want to bring that back? Why would we want to resurrect a claim that the district court had determined was dead? Why would we have appealed that? Instead, what we did is when attorney's fees were awarded, we appealed that. And the attorney's fees award were not just on the fact of improper forum shopping. They also relied on the fact that we didn't bring counterclaims. The reason we didn't bring counterclaims, we didn't file an answer. We didn't file an answer. We tried to do the motion to dismiss after the race to the courthouse happened. So we didn't file our answer until after the court's decision, until after the court had acknowledged that there was no case of controversy on the sold goods. And the sold goods is why we filed our suit in Maryland. I see that I have the red light on. You have some time in rebuttal. Thank you. Good morning. I apologize for being late and I apologize for wearing their shoes. I think you hit some of the points right on the head. The district court found that there was improper forum shopping. The district court granted our motion to dismiss. It may be the patent attorney in me when I look up what prevailing party is, but that's a win. And when we said, please dismiss the case, the district court said, you win, we dismiss the case. We said, please apply as fees and find an exceptional case. They found an exceptional case based largely on the rush to the courthouse and the, as you said, improper forum shopping. There was a case that they knew was to be filed in California. They had a copy of the complaint and a date that it was going to be filed. There was discussions going on. What should that complaint say about the sold goods and the unsold goods? Whatever, there are two sets of goods. There's sold goods, there's seized goods, and there's subject goods. The one in California, the draft complaint that was initially sent and has filed in California at the time it was filed was based on the seized goods. There was goods in California that were seized by customs. Those were the ones that were identified as the complaint brought to California. That was the initial letter and draft complaint sent by Mr. Watkins to Cititrends. So they were worried. The other side's worried about the sold goods also? The other side then got involved in. So Mr. Watkins, trying to settle the case, said, look, we have these seized goods that customs has their account of it. What other, we're guessing this isn't the first time that you've done this because we've talked to other people, what other goods do you have? And they, Cititrends, said, not only do you have the goods that you seized, but we have sold a large number of goods also. Mr. Watkins was trying to settle in totality the case of the seized goods and the sold goods. The two together become subject goods. Cititrends had no evidence. Yeah, I'm not asking that. I'm asking you what your client did with respect. And I thought you told me that they only went after the seized goods. They only were ready to pay for the seized goods. Is that right? No, no, no. In the complaint that was filed in California. The one that was proffered to the other side when we still have nothing filed. When it was proffered to the other side, it was directed to the seized goods. Because at that time it was all Mr. Watkins knew about with the seized goods out in California. But with an accompanying letter or conversation about we're also going to get these sold goods. Is that right? Correct. So that they had a right to think that that too was in jeopardy, right? That was at issue. Yes. The sold goods had become something that was discussed between the parties. That is correct. That's not what I said. Your client might be making a claim with respect to these sold goods, right? I guess. I mean, if you're asking if that's what Cititrends thought, they could have thought that. I don't know. I do not sit in the mind of Cititrends. I think Judge Montes' points is your correspondence that you're relying on alluded to goods beyond the seized goods. Absolutely. And so that issue appeared to be at least in flux and potentially a basis of your claim. I agree. And so what I'd like to put aside right now whether the issue of improper forum shopping should have been appealed. Assume it did not have to be appealed. Why is a lawyer and a client's race to a forum that they believe to be appropriate, one where there's jurisdiction, one where there's venue, and also to their advantage, how is that improper in any way? I think I first would like to say that the district court did find that and it was not appealed. I'll come back to that. Second, and I think there's cases out there that support the fact that when you are put on notice that a party, in this case Coach, was going to file a case in California where there were seized goods to be directed, where that case should have been brought, where California had the seized goods, I mean there was a complaint that said California on the draft complaint. There was a draft complaint. And Coach is incorporated in Maryland, isn't it? Correct, Your Honor. So it doesn't even have the claim that this is some foreign jurisdiction for it. And if we were here arguing the improper forum shopping, I'd have a stack of cases that would talk about anticipatory litigation and a rush to the courthouse when you're supposed to work out on their settlements and you're said that it's coming to California. I think those are bad facts for you. But still in all there is this issue about that they did get what, they got a much lesser judgment than they might have if we take into account all of this conversation in writing. So anyway, has he answered your question? I'm not positive. I mean, I'm still, my issue is, first of all, are you aware of any case that says forum shopping improper or not constitutes the basis for an exceptional fine? I didn't see any in your briefs and didn't find any, but if you have one, I'd be interested in that. I don't think I have one directly on point. I do believe that an exceptional case looks at the totality of the circumstances and that if a judge has found that there was improper actions, including improper forum shopping, then that would be a basis that you could rely on to find a case exceptional. But if forum shopping is not improper, and I got the appeal issue, so I'm not asking you to concede that. It's hard for me to do that. But if forum shopping is not improper, is it an abuse of discretion to use that as a basis for exceptional circumstances? No. Why not? If something is proper and maybe within an advocate's duty for zealously representing their client, how can it be the basis of an exceptional circumstances fine? Forum shopping is, I think you were alluding to before, an attorney may have a duty to the client to find the best forum on which they are able to bring the case. I think that's what you were alluding to before. That's different than improper forum shopping. Improper forum shopping is you know that somebody has come to you with a case that should be brought in California and there's a reason to bring it in California and you don't want to be in California. And your main purpose of filing in Maryland is not to get coached subject matter, jurisdiction and venue. Your main purpose of filing in Maryland is to get out of California. That happens every day. Maybe I was committing ethical violations my whole career, but I think that's part of the normal practice of law. Now I think you can do things if something is being litigated already to then try to get a second bite at the apple. There are circumstances that could make it improper. And I think there's two points there. One, this is why you should have appealed or asked for a rehearing on the issues that some of these could have been flushed out that the district court maybe would have or could have explained its discretion or its reasons for doing it. The district court dealt with both of these parties for a degree of time that the district court felt it was able to make that determination that it wasn't just forum shopping, but that it was improper forum shopping and that that wasn't appealed. And so that isn't something that we're talking about. That's the law of the case, I believe. I've been telling you not to hold off on that issue. But I appreciate your issue. And back to the appeal issue, I think that's something I'm struggling with. I want to understand. What we have is a dismissal without prejudice that says, or it sounds like it's without prejudice, where a court decides not in its discretion to exercise jurisdiction. That's the conclusion. Is it a party's obligation if one of the factors that that is based on is a fact they don't like to appeal one of the factors, if the case is dismissed in its discretion when there's probably no basis that that could be successfully challenged on appeal? I believe it is. Is there a case that you can point me to on that issue? I believe you can appeal a motion to dismiss. And they could have appealed the motion to dismiss, and as part of the motion to dismiss, they could have addressed all of these other issues as well. I might be asking you the exact same question, in which case I apologize. But you refer to law of the case, and it's not that anyone's faulting anyone for appealing or not appealing, but in this posture, is that finding now law of the case? I believe it is, Your Honor. Okay, and so my question is, what's the rule on that? Because it's not the singular finding in that decision. We don't, as your colleague points out, the decision rests on a couple of different things, including this finding of improper forum shopping. So do all parts of that opinion, sort of every sentence, every rationale, become law of the case now going forward? I am reticent to ever say all. I would think your position, take away this case, is if you won a case on three grounds and all three were independent and a court should decide one was wrong, it would still be law of the case on the other two, right? Yes, Your Honor, I believe so. I mean, if one of them fell away, you'd still have the law of the case controlling the others. I don't think I said that quite right. Try to rephrase it. You go ahead. And the court then, because the court did not find any, it specifically did not reach any of the facts where there are sufficient allegations for a subject good or whatever. He just decided not to use its declaratory judgment jurisdiction. He declined that. And then he looks at the counterclaims basically being filed out in California, which is I didn't touch the claims that you brought to these friends, that you can bring those exact same claims out and shouldn't bring those same claims out in California. I appreciate that because we have an abuse of discretion and that is a separate reason. What opposing counsel said is, well, they filed a motion to dismiss instead. What's your response to that? Well, in their motion to dismiss that they filed out in California was, hey, move this case to Maryland. Everything that's in Maryland is here, right? So once they had to answer and they did then answer, once they answered, they didn't bring these counterclaims. Okay, so after the motion, they then answered. Once the Maryland court said you're gone, go bring it out in California, they didn't bring them out in California. One of the issues I had on the sectional case is the Georgia-Pacific factors. Admittedly, the court cites the case and I think cites the factors but engages in no analysis that I could really tell on those factors. And is it an abuse of discretion not to discuss how those factors apply to the facts of the case but merely reference them? No. Why is that? Because I don't think every court and every judge is required to look at every factor in every case. You've got Johnson, you've got McAfee, you've got Georgia-Pacific. I mean, you're going to end up making a judge require all the time to list all the factors to go through all the things. There are three or four factors, three factors. Regardless of what cases cite them, the law says there's three factors and you know what they are probably better than I do as an IP lawyer. I don't think they need to say Georgia-Pacific says this, Octane says this. But don't you have to engage in the factors that are listed under the established law? Well, I'm running on the assumption that by the court referencing the case he's saying I have reviewed those factors and in those factors I am making this determination. I think that's inherently included in that. Thank you. Oh, I do have one issue. They were complaining about Mr. Watkins being the sole attorney on this case, which I find in many of these cases when you're arguing about fees, because there's 16 attorneys and 14 paralegals and 3 this. Mr. Watkins and a firm of over 300 attorneys work on this case in a very efficient manner. And the court didn't just blank it, check off what they did. He deducted 18%, he lowered his rate, and it was all to the amount of time and whatever. And again, no objections by them. They basically said, hey, if we're going to lose, then we'd like to come back and talk about things. Thank you. Thank you. Thank you. I think the only thing that I would like to try to explain in rebuttal is that what we have here is, and I think that Judge Quattlebaum made a very good point, we have a bare opinion from a district court that there should be award attorney fees because of improper form shopping and because we did not resurrect a claim that the court said had been conceded by the other side. That is the basis for awarding not just any attorney's fees, but $150,000 in attorney's fees. And one of the points that my counsel brought up is that, oh, well, Watkins was very efficient. $150,000 to reach the point of a motion to dismiss. And the reason that it cost $150,000 to reach the point of a motion to dismiss is because Coach went ahead and answered the case, and they started discovery on the case, and they defended the case. Let me cut you off because the district court spent time going through those, and I don't mean to presuppose our decision on that, but that's getting kind of in the weeds as to what the amount of the fees are for us to review. I mean, if you could just one more time help me with the issue of what's your response to the position of the law of the case as established by the order of dismissal? Does that make the finding that the form shopping was improper something that we have to accept? You are not bound by that. What's the basis of you saying that other than you would like it to be so? When you are to review attorney's fees, you are allowed to review the factual basis underneath those attorney's fees. So that is one reason why you can review it. But more than that, what were we supposed to appeal? You don't just appeal the fact that you didn't like. We would have had to appeal the whole dismissal case, which included the very helpful statements from the district courts about the sold goods. And mind you, in California, they have never amended their complaint for the sold goods. So we don't believe that the law of the case prevents us from arguing improper form shopping, and moreover, improper form shopping was not the only basis for the attorney's fees. You can review the idea that because we did not counterclaim on dead claims, that that somehow added to the totality of the circumstances, and that permitted the court to award attorney's fees in this case. We do have to think also about the purpose of deterrence here. We filed in the jurisdiction that we could get, we filed in federal court. This isn't a case where we were trying to get out of state court or get into federal court. It's federal law, so it's not even as if Maryland is going to apply a different law than California. We don't live in Maryland. We had an issue with the sold goods, and we could not determine whether we were going to get sued on that issue, and moreover, from the draft complaint, it looked like we were going to get sued on that issue. I thought he told us that we weren't under the draft complaint. Under the draft complaint, the only thing at issue was the seized goods, and that's exactly what was filed in the California case as well. We only had the draft complaint on the seized goods, and yet we had given information about 20,000 goods that we had sold, and we did not know what was going to happen with that. They had already moved the deadline here, too. They had already moved the deadline. We're going to file on May 5th. No. Now we're talking. We're back to talking. We have a new counsel. You want to cancel this? I don't think I'd go into all that because you have something that has not been mentioned in oral argument, the remarks of your preceding counsel. Do you think I'm going to let my client go up? I don't think you win that battle. Can you do one thing for me? Explain to me as best you can, as quickly as you can, why you don't think that they are a prevailing party. I don't think that they are a prevailing party because we could have filed again in Maryland. I don't see how that there's any kind of preclusive effect for us filing in Maryland. We know there doesn't have to be preclusive effect, right? We know that from the Supreme Court. No, we know from the Supreme Court. The Supreme Court did not decide the preclusive effect. I don't think there has to be preclusive effect. I read the Supreme Court tea leaves that you don't have to. So why would you, a prevailing party, I know you're arguing about you can sue again, but that would be every dismissal like this would mean that you weren't a prevailing party. Do you have any other grounds? As far as I know, there has never been a case where the court has dismissed in its discretion, not based on an actual. I'm just curious. I understand what you're saying about with and without prejudice, preclusive, non-preclusive, but why does the fact that it's discretionary matter? I think it matters because it's a difference compared to all the other cases. There are lots of differences, but why would it matter? I don't get it. What if it had been preclusive on the merits and all of those things, but there had been an element of discretion? Lots of things courts do involve discretion. Why would that mean that you didn't win because it was discretionary? There is no effect to the fact that they dismissed it for discretion. It was not a case of controversy. It was not personal jurisdiction. The only thing it was was that court's discretion to not take the case on multiple factors, not just the improper forms. I don't know how that becomes a prevailing party analysis, particularly when we think that on one of the factors, we somewhat prevailed. We have not had an amended complaint on the sold goods. I'm just not getting the discretionary point. I'll take you back to earlier today. If we decide in our discretion not to forgive a waiver, so we're going to enforce the waiver rule, and then we dismiss with prejudice, absolutely preclusive, you can never file this claim anywhere. But we did it based on our discretion. Are you saying, therefore, the person who wins is not the prevailing party because it was a discretionary judgment? I'm just not understanding. We do lots and lots of things that are discretionary and lead to preclusive with prejudice dismissals of cases. Are you saying that because they were discretionary, that party didn't win? I'm saying that this was discretionary. Is it just yes or no? If it's discretionary but also preclusive and also on the merits, is it a prevailing party? Under those three conditions, it would be. Okay. So there's no independent significance to the discretionary part? No, there is an independent, because that means it was without prejudice. But what you really care about is the with or without prejudice, not the discretionary. The discretionary is why it's with or without prejudice. I get that. But if it were with prejudice and discretionary, then what result? If it's with prejudice, then we would not be able to refile. We would not have been able to refile if it had been with prejudice. And they would have been the prevailing party. So your point is not hinged on that it's discretionary. Your point is that it was not on the substantive basis like a lack of controversy. As Judge Harris says, if there's an evidentiary ruling and it's against you, you're the losing party, even though it was in a trial court's discretion. Discretionary isn't what you hang your hat on. You hang your hat on whether it's without prejudice, then it didn't deal with the other substantive basis of the motion to dismiss. Isn't that correct? Yes, that's correct. But if you go back to this, I'm sorry to prolong you on this, on the CRST factors. So that's what I wanted you to tell me why this wasn't a, why you, why they weren't the prevailing party. Based on the CRST factors, I still think there has to be some kind of effect. There has to be something that happens. And if there's no prejudice, if what we filed was without prejudice, what happened? What happened is that now you have to litigate your case in California. Well, actually, we don't have to litigate the sold goods at all. And you have to litigate the seized goods in California. And the court found that our case wasn't involving the seized goods in Maryland. Okay. All right. Okay, thank you very much.
judges: Diana Gribbon Motz, Pamela A. Harris, A. Marvin Quattlebaum Jr.